THE UNION PAPER BAG MACHINE CO. *v.* THE ATLAS BAG CO.*

(*Circuit Court, E. D. Pennsylvania.* February 7, 1881.)

1. PATENT—VALIDITY OF—ANTICIPATION.

   Claims 2 and 5 of re-issued patent No. 6,050, for improvement in tools for the manufacture of paper bags, held to have been anticipated by a device in use two years before the original patent.

2. SAME—PRIOR DEVICE OF ONE OF TWO JOINT PATENTEES—EFFECT OF INCORPORATING IT IN JOINT INVENTION.

   That such prior device may have been the invention of one of the two joint patentees is immaterial, since it is not their joint invention; and embracing it in their patent gives them no right to its exclusive use, except in the particular combination described in such patent.

Bill in equity on account of an alleged infringement of re-issued letters patent No. 6,050, for improvement in tools for the manufacture of paper bags. The patent was originally issued to Edwin J. Howlett and Susan M. Kirk, and was re-issued to Edwin J. Howlett, as assignee. The answer denied that the re-issue was for the same invention that was described in the original patent, or that Howlett was a joint inventor, and alleged anticipation of the devices therein contained.

*J. R. Bennett* and *George Harding,* for complainant.

*P. K. Erdman, F. A. Lehmann,* and *J. J. Combs,* for respondent.

BUTLER, D. J. Claims 2 and 5 of the plaintiff's patent, are, very clearly, for equivalent devices. The blade B, and the plate E, are intended for separate, independent use. When the former is detached and removed, as contemplated to be when not in use, the latter supplies its place, and performs its office. Both cannot be used at the same time. Paragraph 14 of the specifications, and the testimony of the experts on each side, as well as an examination of the plaintiff's drawings and model, show that one of these devices is the mere equivalent of the other. The complaint, as exhibited by the testimony, and urged by counsel, is that the defendants have infringed the fifth claim. It goes no further.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

Whether the introduction of this claim into the re-issue of the patent, where it is first found, was improper, need not be considered.   From what has been said it is plain that whatever would constitute an infringement of this claim, would also be an infringement of the second; and that whatever would anticipate the latter, would also anticipate the former.   The proofs show, quite satisfactorily, that a device to facilitate the manufacture of paper bags, substantially identical in construction, form and manner of use, with that described by the plaintiff's second claim, and consequently the exact equivalent of that described in the fifth, was constructed and used, more than two years prior to the application for the Howlett and Kirk patent, and nearly as long before the invention, described therein, was made.   This feature of their combination, or tool as they denominate it, was not, therefore, new. That it may have been invented by Miss Kirk, is unimportant.   Granting it to have been, it follows that it was not the joint invention of the patentees.   Embracing it in their patent, did not, therefore, confer upon them a right to its exclusive use, except in the particular combination therein described.   It is not even clear that the invention was original with Miss Kirk; and if it was, it is not clear that the use which she permitted to be made of it, would not have forfeited the right to a patent even in her own name, at the time the patent here involved, was applied for.   As this view of the case disposes of it, an examination of other questions presented by the defence, is unnecessary.

The bill must therefore be dismissed.   A decree will be entered accordingly, with costs.